**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**AARON M. QUINN,**

       **Plaintiff,**

    vs.                                                       **Civil Action 2:07-CV-187
Magistrate Judge King**

**OHIO STATE HIGHWAY PATROL,**
*et al.*,

       **Defendants.**

### OPINION AND ORDER

This is an action under the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. ["ADA"], in which plaintiff, proceeding without counsel, alleges that defendants failed to accommodate his disability, resulting in the termination of plaintiff's employment by disability retirement. With the consent of the parties, 28 U.S.C. § 636(c), this matter is currently before the Court on *Plaintiff's Request for Injunctive Relief* ("*Motion*"), Doc. No. 24.

Plaintiff's *Motion* purportedly requests injunctive relief pursuant to Fed. R. Civ. P. 65, seeking to enjoin defendants from refusing to grant plaintiff "fair and equitable" relief. *Motion*, at 2. The decision whether or not to issue a preliminary injunction falls within the sound discretion of the district court. *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 102 (6th Cir. 1982). The party seeking the injunction must establish his right to that extraordinary relief by clear and convincing evidence. *Garlock, Inc. v. United Seal, Inc.,* 404 F.2d 256, 257 (6th Cir. 1968); *Deck v. City of Toledo*, 29 F. Supp.2d 431, 433 (N.D. Ohio 1998). To meet this burden, the plaintiff's evidence must more than outweigh the evidence opposed to it. *Draudt v. Wooster City Sch. Dist.*, 246 F. Supp. 2d 820, 825 (6th Cir. 2003). "The plaintiff's

evidence must persuade the court that [his] claims are highly probable. . . or create a firm belief or conviction in the facts the plaintiff seeks to establish[.]" *Id.* (citations omitted).

A preliminary injunction is an extraordinary remedy that should be granted only after the Court has carefully considered the following four factors:

(1) whether the movant has a "strong" likelihood of success on the merits[1];

(2) whether the movant would otherwise suffer irreparable injury;

(3) whether issuance of a preliminary injunction would cause substantial harm to others; and

(4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir.2000) (citing *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*), quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995)). When considering these factors, the district court should balance each factor against the others to arrive at its ultimate determination. *Id.* These factors are not prerequisites to injunctive relief; rather, they are factors that the Court must balance. *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001) (no single factor is determinative.); *Monongahela Power Co. v. Schriber*, 322 F. Supp.2d 902, 918 (S.D. Ohio 2004) (J. Sargus) (same).

Here, plaintiff has failed to present any evidence supporting the factors under Fed. R. Civ. P. 65. In particular, plaintiff has not presented clear and convincing evidence, or even alleged, that he will suffer irreparable injury if his *Motion* is not granted. Similarly, plaintiff has

---

[1]While the Court must determine whether there is a strong likelihood of success on the merits, this Court does not intend to reach final decision on the merits of the case at this time.

not addressed whether issuance of a preliminary injunction would cause substantial harm to others or would serve the public interest.  Accordingly, plaintiff has failed to meet the standard under Fed. R. Civ. P. 65.

**WHEREUPON**, *Plaintiff's Request for Injunctive Relief*, Doc. No. 24, is **DENIED**.


November 21, 2007                                              *s/Norah McCann King*
                                                                                Norah M<sup>c</sup>Cann King
                                                                                United States Magistrate Judge